UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY LAWRENCE BONIECKI,

    Plaintiff,

vs.

ANTONIN SCALIA, et al.,

    Defendants.

_____/

Civil Action No.
13-CV-11660

HON. MARK A. GOLDSMITH

## OPINION AND ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) SUMMARILY DISMISSING THE CASE

This matter is presently before the Court on (i) Plaintiff's application to proceed in forma pauperis (Dkt. 2) and (ii) the Court's own review of the complaint (Dkt. 1). Plaintiff Teddy Lawrence Boniecki, proceeding pro se, brings this suit against the nine current justices of the United States Supreme Court.[1] The complaint challenges actions and omissions of the justices in a case brought by Plaintiff in federal court, under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Compl. at 2-3 of 13 (CMECF pagination). On February 25, 2013, the Supreme Court denied a petition for writ of certiorari filed by Plaintiff. Boniecki v. Stewart, 133 S. Ct. 1464 (2013). In the instant complaint, Plaintiff seeks damages in the amount of one dollar and an order compelling Defendants to "reactivate" Boniecki v. Stewart and grant Plaintiff's petition for writ of certiorari. Compl. at 4-5 of 13 (CMECF pagination). For the reasons that follow, the Court will grant Plaintiff's application to proceed in forma pauperis and summarily dismiss the complaint.

---

[1] The Defendants are Antonin Scalia, Anthony Kennedy, Clarence Thomas, Ruth Ginsburg, Stephen Breyer, John Roberts, Samuel Alito, Sonia Sotomayor, and Elena Kagan.

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915(a)(1), which provides that a federal court "may authorize the commencement . . . of any suit, action, or proceeding . . . by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees . . . ."  The Court has reviewed Plaintiff's application, which states that Plaintiff is unemployed, has no salary, has received no money in the last 12 months, has no money in any accounts, and has no valuable property.  Application at 1-2 (CMECF pagination) (Dkt. 2).  The Court is satisfied that Plaintiff is indigent and that prepayment of the filing fee would cause an undue financial hardship.  The Court grants Plaintiff's application and permits Plaintiff to file his complaint without prepaying the filing fee.

The Court is also required to screen all complaints filed by plaintiffs proceeding in forma pauperis and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Judges are absolutely immune from suits seeking monetary damages for actions taken in the judges' official capacity.  Forrester v. White, 484 U.S. 219, 225 (1988); Stump v. Sparkman, 435 U.S. 349, 355-356 (1978).  Because the decision to grant or deny a petition for writ of certiorari is certainly an action taken within the Supreme Court justices' official capacity, Plaintiff's claims are barred to the extent he seeks monetary relief.

Plaintiff also seems to be seeking injunctive relief, in the form of an order from this Court compelling the United States Supreme Court to grant Plaintiff's petition for writ of certiorari.  However, this Court has no jurisdiction to supervise the Supreme Court or to compel the Supreme Court to take any actions; indeed, it is the Supreme Court that is vested with the authority to supervise the lower federal courts.  See, e.g., United States v. Munsingwear, Inc.,

340 U.S. 36, 40 (1950) ("Our supervisory power over the judgments of the lower federal courts is a broad one."); United States v. Mason, 412 U.S. 391, 396 (1973) (noting that "decisions by lower courts can [never] undermine the authority of a decision of the [Supreme] Court"); Panko v. Rodak, 606 F.2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."); Hilska v. Suter, 308 F. App'x 451, at *1 (D.C. Cir. 2009) ("Lower courts have no supervisory authority over the Supreme Court or its employees."). Therefore, to the extent Plaintiff seeks injunctive relief, the complaint fails to state a claim.

For these reasons, the Court summarily dismisses the complaint.

SO ORDERED.

Dated:  April 16, 2013                             s/Mark A. Goldsmith
        Flint, Michigan                            MARK A. GOLDSMITH
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2013.

                                                   s/Deborah J. Goltz
                                                   DEBORAH J. GOLTZ
                                                   Case Manager